FILED
CLERK U.S. BANKRUPTCY COURT
2005 AUG -5 AM 10: 57
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 04-18285 |
| DOMINIC S. SFORZO, MARIE HOLBROOK, | Chapter 7 |
| Debtors. | Judge Arthur I. Harris |

MEMORANDUM OF OPINION

Before the Court is the Chapter 7 trustee's objection (Docket #41) to the debtors' claim of exemption in a tax sheltered annuity through Variable Annuity Life (Variable Annuity) with a value of approximately $30,000. The debtors filed a response (Docket #46) claiming an exemption pursuant to OHIO REV. CODE ANN. § 2329.66(A)(17). The Court held a hearing on the issue on July 12, 2005, and the parties submitted the issue for decision based on oral stipulations of fact made in open court. As explained below, the Court overrules the trustee's objection to the debtors' claim of exemption, determining that the debtors' interest in Variable Annuity is exempt pursuant to OHIO REV. CODE ANN. § 2329.66(A)(17) because it contains anti-alienation language and is otherwise ERISA qualified. This is a final and appealable judgment pursuant to Bankruptcy Rule 7054 and Fed. R. Civ. P. 54(b).

## STIPULATIONS OF FACT

During the hearing on July 12, 2005, the parties stipulated orally:

1) the Variable Annuity is ERISA qualified;

2) the Variable Annuity contains antialienation language that restricts creditor access to the funds; and

3) no trust language is contained within the annuity plan itself.

## DISCUSSION

A dispute over claimed exemptions is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The trustee's objection to the debtors' claim of exemption is governed by 11 U.S.C. § 522 and Rule 4003 of the Federal Rules of Bankruptcy Procedure. Rule 4003(c) states that the objecting party, the trustee, "has the burden of proving that the exemptions are not properly claimed." Section 522 of the Bankruptcy Code lists certain property that an individual debtor may exempt from property of the estate, and Section 522(b)(1) allows a state to opt out of these federal exemptions. Pursuant to OHIO REV. CODE ANN. § 2329.662, Ohio has elected to opt out and instead specify its own exemptions, which are listed in OHIO REV. CODE ANN. § 2329.66.

*OHIO REV. CODE ANN. § 2329.66(A)(17)*

The debtors claim that their interest in the Variable Annuity is exempt under

OHIO REV. CODE ANN. § 2329.66(A)(17). This provision of the OHIO REV. CODE ANN. provides in pertinent part:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> . . . .
>
> (17) Any other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 101, as amended.

The trustee argues that subsection (A)(17) does not apply, relying upon the case of *Rhiel v. Adams (In re Adams)*, 302 B.R. 535, 544-46 (B.A.P. 6th Cir. 2003). In *Adams*, the majority decision holds that the debtor's 403(b) annuity is not a "trust" that would be excluded from the bankruptcy estate by operation of 11 U.S.C. § 541(c)(2) and the Supreme Court's reasoning in *Patterson v. Shumate*, 504 U.S. 753 (1992). *In re Adams*, 302 B.R. at 545. Although the majority concedes that the goal of ERISA is to protect pensions for retirees and beneficiaries, the majority finds that a 403(b) annuity simply does not meet the plain meaning of the term "trust" contained within 11 U.S.C. § 541(c)(2). *Id.* The majority and dissent do agree, however, that the debtor's 403(b) annuity would be protected from creditors outside of bankruptcy by operation of ERISA. *See id.* at 542-44, 547.

3

The *Adams* decision applies Section 541(c)(2) of the Bankruptcy Code but does not address OHIO REV. CODE ANN. § 2329.66(A)(17). Section 2329.66(A)(17) protects "[a]ny other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the 'Bankruptcy Reform Act of 1978.' " Thus, an annuity with ERISA antialienation protections will qualify as other property "specifically exempted from execution, attachment . . . by federal statutes [ERISA] . . . ." *Cf. In re Jones*, 318 B.R. 841 (Bankr. S.D. Ohio 2005) (OHIO REV. CODE ANN. § 2329.66(A)(17) incorporates the garnishment protection of earnings provided by the Federal Consumer Credit Protection Act in 15 U.S.C. § 1673). In other words, provided that an annuity contains antialienation provisions and is otherwise qualified under ERISA, OHIO REV. CODE ANN. § 2329.66(A)(17) incorporates those federal antialienation protections and exempts the annuity. Whether the annuity is also a trust that can be excluded from the debtor's estate under 11 U.S.C. § 541(c)(2) is thus irrelevant to the exemption analysis.

The parties stipulated that the Variable Annuity contains antialienation provisions and is ERISA qualified. Therefore, the debtors' interest in the Variable Annuity is exempt pursuant to OHIO REV. CODE ANN. § 2329.66(A)(17).

*Final and Appealable Judgment*

The trustee's objection to the debtors' exemptions (Docket #41) also objected to a claimed exemption in a second annuity, American Partners Life Privileged Asset Annuity (American Partners Annuity). The facts regarding the American Partners Annuity are yet to be determined, and the validity of the exemption is not resolved. The debtors' interest in the American Partners Annuity, however, is not claimed as exempt under § 2329.66(A)(17), and this opinion will have no effect on the litigation over the American Partners Annuity. Thus, there is "no just reason for delay," and this is a final and appealable judgment pursuant to Bankruptcy Rule 7054 and Fed. R. Civ. P. 54(b).

## CONCLUSION

For the foregoing reasons, the trustee's objection to the debtors' claim of exemption in the Variable Annuity is overruled. The debtors' interest in the Variable Annuity is exempt pursuant to OHIO REV. CODE ANN. § 2329.66(A)(17). This is a final and appealable judgment.

IT IS SO ORDERED.

---
Arthur I. Harris
United States Bankruptcy Judge